UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WIZARD WORLD, INC.

                              Plaintiff,          No. 16 Civ. 8428 (RA)

          -against-                               REPLY TO COUNTERCLAIMS

STEPHEN SHAMUS and JOHN DOES 1 – 10,

                              Defendants.

---

Plaintiff Wizard World, Inc. (the "Company" or "Wizard World"), by and through its

attorneys, Olshan Frome Wolosky LLP, for its Reply to the Counterclaims (Dkt. No. 9) (the

"Counterclaims") of defendant Stephen Shamus ("Shamus" or "Defendant"), states:

COUNTERCLAIMS

76.     Denies the allegations contained in Paragraph 76 of the Counterclaims.

77.     Denies knowledge and information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 77 of the Counterclaims.

78.     Denies knowledge and information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 78 of the Counterclaims.

79.     Denies knowledge and information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 79 of the Counterclaims, except to admit that Wizard World

terminated defendant Shamus' employment on October 27, 2016, as reflected in Exhibit 1 to the

Complaint in this action (Dkt. No. 1).

80.     Denies the allegations contained in Paragraph 80 of the Counterclaims.

81.     Admits the allegations contained in Paragraph 81 of the Counterclaims.

82.     Admits the allegations contained in Paragraph 82 of the Counterclaims.

3926101-1

83. Admits the allegations contained in Paragraph 83 of the Counterclaims.

84. Admits the allegations contained in Paragraph 84 of the Counterclaims.

85. Denies the allegations contained in Paragraph 85 of the Counterclaims.

86. Denies the allegations contained in Paragraph 86 of the Counterclaims.

87. Denies the allegations contained in Paragraph 87 of the Counterclaims.

88. Denies the allegations contained in Paragraph 88 of the Counterclaims.

89. Denies the allegations contained in Paragraph 89 of the Counterclaims.

90. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Counterclaims, but admits that Shamus was an employee of Wizard World until his termination on October 27, 2016.

91. Denies the allegations contained in Paragraph 91 of the Counterclaims.

92. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Counterclaims.

93. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Counterclaims.

94. As to the allegations contains in Paragraph 94 of the Counterclaims, incorporates its responses in the cross-referenced paragraphs of the Counterclaims.

95. Denies the allegations contained in Paragraph 95 of the Counterclaims.

96. Denies the allegations contained in Paragraph 96 of the Counterclaims.

97. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Counterclaims.

<u>AFFIRMATIVE DEFENSES</u>

<u>First Affirmative Defense</u>

98. The Counterclaims fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

99.    The Counterclaims are barred by the doctrine of laches, ratification, waiver, equitable estoppel, and/or unclean hands.

### Third Affirmative Defense

100.    The Counterclaims are barred because defendant Shamus has not suffered any damages or economic loss, and/or has failed to mitigate its damages.

### Fourth Affirmative Defense

101.    The Counterclaims are barred, in whole or in part, because any recovery by defendant Shamus would constitute unjust enrichment.

### Fifth Affirmative Defense

102.    The Counterclaims are barred, in whole or in part, by the statute of frauds.

### Sixth Affirmative Defense

103.    The Counterclaims are barred, in whole or in part, due to a lack of reliance.

### Seventh Affirmative Defense

104.    The Counterclaims are barred to the extent they seek attorney's fees and/or punitive damages because they are not recoverable as alleged.

### Eighth Affirmative Defense

105.    The Counterclaims are barred because Plaintiff's duties were discharged due to defendant Shamus' breach, prevention, and frustration of contract.

### Ninth Affirmative Defense

106.    The Counterclaims are barred as a result of defendant Shamus' spoliation of relevant evidence.

3926101-1

Dated: New York, New York
December 7, 2016

OLSHAN FROME WOLOSKY LLP

By:    */s/ Thomas J. Fleming*
Thomas J. Fleming
Kyle J. Kolb
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300

*Attorneys for Plaintiff*
*Wizard World, Inc.*

3926101-1